John A. Tapp, et al. *v.* W. T. Trice.

**Right of Debtor to Sell His Property Before Lien Attaches To It.**

A debtor has a right to convey his property before liens attach to it, and if the conveyance is in good faith for value to another creditor it will be upheld.

APPEAL FROM WEBSTER CIRCUIT COURT.

November 19, 1885.

OPINION BY JUDGE LEWIS:

The evidence in this case is conflicting as to the precise day D. B. and A. Tapp sold their undivided interest in the estate of Joel Y. Trice, deceased, to appellee, W. T. Trice, Sr.

If the testimony of witnesses introduced by appellants be credited, it is improbable that the sale was made November 29, 1880, the date of the writing evidencing it. But they might have been mistaken as to the precise day the movements of appellee, which they describe with such particularity, did actually occur, whereas appellee certainly and D. B. and A. Tapp and the attesting witness swore deliberately and knowingly falsely if the sale did not take place on that day, for it is almost impossible for them to have been mistaken in regard to the day. Moreover the execution in favor of the appellants was not levied until December 8, 1880; and taking the statements of their witnesses as true, it does not necessarily follow the levy occurred before the sale.

The vendor and vendees testify that the consideration of the sale was $50 to each at the time of the contract and $75 to each of them in cash when the writing evidencing the sale was signed. There is no evidence in the record showing their statements are false, nor is there anything showing that the sale was fraudulent, or tending to show it, except the evidence as to the date of the sale. Appellee, being a creditor, had the right to protect himself and also to purchase the interest of D. B. and A. Tapp in the estate. Having made the purchase before the execution lien in favor of appellants was created, and January 1, 1881, acquired the legal title by the due execution and recording of the deed for the interest purchased, which was before any sale took place under the execution, we perceive no sufficient ground for now setting aside the sale as fraudulent and subjecting the interest sold to the debt of appellant. Though it appears from the judgment that W. H. Bunton filed a cross-petition seeking to set aside the sale as fraudulent, there is no pleading by him in this record.

The judgment is *affirmed.*

*G. H. Towery, for appellants.*

*D. H. Hughes, Jno. G. Bailey, for appellee.*